**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAR - 5 2007
J. T. NOBLIN, CLERK
BY_____DEPUTY

**HOSPITALITY STAFFING SOLUTIONS, LLC**                    **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO: 1:07cv105 LG JMR**

**ABNER IRIAS and MARVIN LAZANO**                    **DEFENDANTS**

### <u>TEMPORARY RESTRAINING ORDER</u>

THIS MATTER CAME ON for hearing on March 2, 2007 on Plaintiff's Motion for Temporary Restraining Order after Plaintiff had filed its sworn Complaint. The Court finds that despite Plaintiff's attempts to serve Defendants with Summons and Complaint, Plaintiff has been unable to accomplish that; and despite its efforts to notify Defendants of the hearing on Motion for Temporary Restraining Order, Plaintiff cannot prove Defendants have actual notice of the hearing, all of which is more particularly set forth in the filed Rule 65(b) Certificate of Counsel for Hospitality Staffing Solutions, LLC. Defendants did not appear at the hearing on Motion for Temporary Restraining Order.

The Court finds that a Temporary Restraining Order should be entered against Defendants, Abner Irias and Marvin Lazano. On Complaint, Application for Temporary Restraining Order, and proof of prior notice to Abner Irias, Plaintiff obtained a temporary restraining order in the Superior Court of Fulton County, Georgia on January 29, 2007, which by its terms shall remain in effect until further order of that court. That temporary restraining order, based upon a written Restrictive Covenant Agreement between Plaintiff and Defendant Abner

Irias, enjoined Abner Irias from directly or indirectly soliciting any job applicants, employees, or independent contractors of Hospitality Staffing Solutions, LLC and enjoined Defendant Irias from directly or indirectly soliciting business, clients or prospective clients that Hospitality Staffing Solutions, LLC had in the State of Mississippi as of November 24, 2006, among other relief.

Based upon the affidavits given by Plaintiff in support of the Georgia State Court proceeding and this proceeding, the Court finds that Plaintiff will likely succeed on the merits in this case, that its injuries are real and apparent, and that Plaintiff has no adequate remedy at law.

The Court finds that Defendant Marvin Lazano is an agent or employee of Defendant Abner Irias and should be enjoined from the same misconduct which Defendant Abner Irias has been enjoined from in the Georgia State Court proceeding.

The Court finds that Plaintiff is required to post a $20,000.00 security bond pending the hearing on the preliminary injunction which is set for March 15, 2007 at 10:00 a.m. at the United States District Courthouse in Gulfport, Mississippi.  It is therefore

ORDERED AND ADJUDGED that

a.      Abner Irias and Marvin Lazano are enjoined from directly or indirectly soliciting business from any clients or prospective clients that Hospitality Staffing Solutions, LLC has in the State of Mississippi for the purpose of engaging in the recruitment, placement and management of staffing for the hospitality, hotel and janitorial industries.

b.      Abner Irias and Marvin Lazano are enjoined from directly or indirectly soliciting any job applicants, employees or independent contractors of Hospitality Staffing Solutions, LLC to reject or resign positions with Hospitality Staffing Solutions, LLC.

c.      Abner Irias and Marvin Lazano are enjoined from using or disclosing any information, directly or indirectly, that satisfies the definition of "confidential information" set forth at Section 1.5 of the Restrictive Covenant Agreement between Abner Irias and Hospitality Staffing Solutions, LLC until November 24, 2008.

d.      Abner Irias and Marvin Lazano are enjoined from misappropriating any trade secrets that belong to Hospitality Staffing Solutions, LLC.

e.      Abner Irias and Marvin Lazano are enjoined from directly or indirectly tortiously interfering with the business, contractual, employment and prospective employment relationships of Hospitality Staffing Solutions, LLC.  It is further

ORDERED  AND  ADJUDGED that Plaintiff must post a $20,000.00 security bond pending the hearing on preliminary injunction set for March 15, 2007 at 10:00 a.m. at the United States District Courthouse in Gulfport, Mississippi.  It is further

ORDERED  AND  ADJUDGED that this Temporary Restraining Order shall expire at 10:00 a.m. March 15, 2007 unless extended by the Court.

ORDERED  AND  ADJUDGED this the _5th_ day of March, 2007, at _3:00_ o'clock, _P_.m.

_____
UNITED STATES DISTRICT JUDGE